## BODGER v. HILLS.

### (Supreme Court, Appellate Term.   December 24, 1908.)

1. SALES (§ 442\*)—BREACH OF WARRANTY—MEASURE OF DAMAGES.
   A buyer's measure of damages for breach of a warranty of quality of the goods was the difference between the market value of the goods as they were and their market value if they had complied with the warranty.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1294; Dec. Dig. § 442.\*]

2. SALES (§ 442\*)—BREACH OF WARRANTY—DAMAGES—EVIDENCE.
   The price at which a buyer resold goods is immaterial on the question of his damages for breach of warranty.
   [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1289; Dec. Dig. § 442.\*]

3. SALES (§ 52\*)—EVIDENCE.
   Testimony that plaintiff bought goods and that the sale was concluded in a telephone conversation is not satisfactorily contradicted by plaintiff's statement that he never talked with witness by phone.
   [Ed. Note.—For other cases, see Sales, Dec. Dig. § 52.\*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Elias Bodger against William Hills, Jr. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Griggs, Baldwin & Pierce (Martin Conboy, of counsel), for appellant.

Louis Levene (Max Schleimer, of counsel), for respondent.

GIEGERICH, J. The plaintiff, a jobber in dried fruit, purchased 150 bags of walnuts from the defendant, an importer of nuts and dried fruit, and paid $50 on account of the purchase. Later he took delivery of 70 bags and paid a further sum of $700. The agreed price of the 70 bags was $578.73. The plaintiff claimed that the nuts were sold by sample, with an express warranty that they were equal to sample. The defendant denied this, claiming that the plaintiff had drawn samples from the bags, which were at the place where the sale was made and were open to his inspection, and that there were no representations that the bulk of the goods was equal to sample. Hargous v. Stone, 5 N. Y. 73. On this point I think the evidence was strongly in the defendant's favor.

The plaintiff's claim was that the goods were inferior to the sample, and that he was thereby damaged to the extent of $2 per bag, or $140. He therefore sought to recover this sum, plus the difference between the invoice price of the 70 bags and his payments of $750,

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or $171.27—in all $311.27; and judgment was rendered in his favor for that sum, less $86.91, which was admittedly due to the plaintiff upon another account. The defendant's claim was that he had sold to the plaintiff not only the 150 bags already mentioned, but, shortly thereafter, a further 75 bags of the same nuts, that they were sold without any warranty of quality, and that he had tendered the 155 bags remaining after delivery of the 70 bags, and upon the plaintiff's refusal to accept them had sold them at auction; and he counterclaimed for the difference between the agreed price and the price so realized at auction, less the payments on account. This counterclaim was dismissed.

If the sale of the 150 bags was accompanied with a warranty of their quality, and the goods were not as warranted, the plaintiff's damage was the difference between the market value of the goods as they were and their market value if they had been as they were warranted to be. Steinhardt v. Phelps, 32 Misc. Rep. 730, 66 N. Y. Supp. 311. Instead of showing these respective values, however, the plaintiff proved the price at which he had resold the goods to several customers and the allowance per bag made to them to induce them to accept and retain them under their contracts with him. This line of inquiry was objected to by the defendant, and we think the admission of such testimony constituted reversible error. See Black v. Dudley, 75 App. Div. 72, 77 N. Y. Supp. 766.

Furthermore, the defendant's counterclaim, which was based in part upon the failure of the plaintiff to accept the additional 75 bags claimed to have been sold after the first sale of 150 bags, was dismissed. The defendant's witness testified to the sale of this additional quantity, saying that it was concluded over the telephone. The plaintiff did not specifically contradict this testimony as to a further sale, and, indeed was not directly questioned upon the point, but in answer to the question, "Did you ever have any conversation with Mr. McCloon over the telephone?" said, "Never." I do not think this was a satisfactory contradiction of the defendant's express testimony that there was a later sale, and, as his counterclaim included damages for the breach of this later contract, which the defendant offered to perform, I think it was error to dismiss the counterclaim.

Upon the whole record I am satisfied that justice requires the reversal of the judgment and the ordering of a new trial, with costs to appellant to abide the event. All concur.